ALBANY,
August, 1812.

DUNHAM
v.
CHAMBERLAIN.

---

DUNHAM *against* CHAMBERLAIN.

An action was brought in a court of common pleas, founded on matters of account between the parties, which was referred by order of the court, and the referees in their report certified, that the amount of the respective accounts of the parties proved before them, taken together, was 265 dollars and 26 cents, and that the balance of 16 dollars and 74 cents was due to the plaintiff, for which sum he obtained judgment: and it was held that the plaintiff was entitled to *costs*.

THIS was an action of *assumpsit*, brought in the common pleas of *Delaware*.

The action arose on matters of account between the parties. The cause, by rule of court, was referred to referees, who allowed to the plaintiff the amount of 141 dollars of his account, and to the defendant 124 dollars and 26 cents, leaving a balance of 15 dollars and 74 cents, for which the plaintiff obtained judgment. The referees, in their report, certified that the account of the plaintiff, as proved, amounted to 141 dollars, and the account of the defendant, as proved, to 124 dollars and 26 cents, the whole amounting, together, to 265 dollars and 26 cents.

Each party claimed costs, and it was submitted to the court, on

a case, containing the above facts, which of them was entitled to the costs.

*Per Curiam.* A justice's court has no jurisdiction of matters of account, " where the sum total of the accounts of both parties shall, in the whole, amount to 200 dollars." Here the accounts of both parties, proved to the satisfaction of the referees, exceeded, in the whole, 200 dollars. It was, therefore, clearly a case in which a justice had no jurisdiction, and the plaintiff was obliged to sue in the common pleas. And in all suits in the common pleas, where " the accounts between the parties exceed 200 dollars, to be certified, &c. if by reason of payment, or discount, the plaintiff shall recover less than 25 dolars, he shall recover costs," &c. (*Laws N. Y.* v. 1. p. 530.) The certificate of the referees was, here, a substitute for the certificate of the judge, upon the trial, and the plaintiff is entitled to costs.

Judgment for the plaintiff.