Daniel, Judge.
 

 The first objection taken by the defendant to the charge of the Judge, is, that the instrument offered in evidence by the plaintiff, was not a negotiable note. We think that the instrument (though inartificially drawn) is a note for the payment of money absolutely and at all events, and therefore is negotiable. Chitty on Bills, 336. The case of
 
 Chadwick
 
 v.
 
 Allen,
 
 1 Stra. 706, cited for the plaintiff, is very much like this case. Secondly, the defendant contends, that he should have been permitted to prove that the note was given by his intestate without any consideration, or that the consideration had failed. The note was executed on the 27th of April 1835, and concludes thus: “ I promise to pay him, the said Long, whenever he calls on me for it;” and it was endorsed to the plaintiff on the 30th of April 1835, who
 
 bona fide
 
 paid a valuable consideration for said endorsement before any demand had ever been made. There is no precise time in which a note payable on
 
 demand,
 
 is to be deemed dishonoured; but it must depend on the circumstances of the case.
 
 Loose
 
 v.
 
 Duncan,
 
 7 Johns. Rep. 70.
 
 Loomis
 
 v.
 
 Pulver, 9
 
 Johns. 224. Chitty on Bills, 129, 262-3, (note 6th edition.) When a check, or bill, or banker’s
 
 *340
 
 note, is expressed to be payable on
 
 demand,
 
 or when
 
 no time of payment is expressed,
 
 it is payable instantly on presentment, without any allowance of days of grace; and the presentment for payment of such a check or bill, must be made
 
 within a reasonable time
 
 after the receipt of it. Chitty on Bills, 269, and note 345.
 
 Freeman
 
 v.
 
 Haskins,
 
 2 Caine’s Rep. 369. This note having been endorsed in so short a time as three days after its date, and before any demand of payment made, so far as can be collected from the evidence, it stands on the footing, we think, of a note endorsed before it is due; and that as the defendant’s intestate had put it in the market, he is precluded from showing a want of consideration to himself, so as to defeat the recovery of the plaintiff, who is a
 
 bona fide
 
 holder. Chitty on Bills, 127, and the cases there cited.
 

 The last ground taken by the defendant is, that he was prevented by the Court from showing, that the payee and endorser was not in fact named William Long, but had some other name; and therefore, (as he contends,) the endorsement was a forgery, intended to defraud the maker, the plaintiff, or some other person. The answer is, that the maker of a negotiable note puts it in circulation, and when it is endorsed by the payee, he stands in the same situation as the acceptor of a bill of exchange; and it is no defence for an acceptor to an action by a
 
 bona fide
 
 holder, that the drawer’s name has been forged. Chitty on Bills, 185, and the cases there cited. This note was made to a person, who represented himself as named Will. Long, and that identical person endorsed it to the plaintiff for value, in the name of Will. Long. It therefore passed the title; and the plaintiff is entitled to recover of the maker’s administrator. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.